# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

FREDERICK BANKS
REG. #05711-068                                                                              PETITIONER

VS.                        2:11CV00166 JLH/JTR

ANTHONY HAYNES, Warden,
FCI Forrest City[1]                                                                             RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

---

[1] Warden Haynes is substituted pursuant to Rule 25 of the Federal Rules of Civil Procedure.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201

## I. Background

On September 9, 2011, while serving a 123-month sentence at the Federal Correctional Institute in Forrest City, Arkansas, Petitioner initiated this § 2241 habeas action. (Docket entry #2). In his Petition and Supplemental Petition, he argues that the BOP: (1) unlawfully transferred him from FCI Fort Dix to FCI

Forrest City; (2) unlawfully denied him timely enrollment in the Residential Drug Abuse Program ("RDAP"); and (3) did not properly consider him for the maximum amount of Residential Reentry Center ("RRC") placement. (Docket entries #2-#4).

Respondent argues that Petitioner's habeas claims are without merit. (Docket entry #10).

For the reasons discussed below, the Court recommends that the Petition be denied because Petitioner's claims are without merit.

## II. Discussion

### A.  Illegal Transfer Claim

First, Petitioner argues that the BOP somehow "fraudulently" transferred him from FCI Fort Dix to FCI Forrest City. This claim, which challenges the place of his confinement, is not cognizable in a habeas action. *See Antonelli v. Sanders*, 2006 WL 667964 (E.D. Ark. Mar. 15, 2006) ("A prisoner has no constitutional right to placement in a particular penal institution") (citing *Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983)); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983) (the BOP "has the discretion to transfer federal prisoners from one place of confinement to another at any time for any reason whatsoever or for no reason at all.").

## B.     RDAP Claim

Second, Petitioner argues that his transfer from FCI Fort Dix to FCI Forest City delayed his participation in the RDAP program, which in turn prevented his earlier release.

Numerous court have rejected habeas claims by federal prisoners claiming that participation in, or completion of, the RDAP program creates a cognizable liberty interest. *See, e.g., Delgadillo v. Outlaw*, 2013 WL 1246857 (E.D. Ark. Mar. 27, 2013) (unpublished) ("[Petitioner] does not have a liberty interest in receiving a sentence reduction, or any incentive, for RDAP completion") (citing cases); *Bennett v. Outlaw*, 2009 WL 3808528, *2 (E.D. Ark. Nov. 13, 2009) (unpublished) ("Petitioner does not have a liberty interest in his participation in the RDAP or in the good time he may have earned upon successful completion of the program.").

## C.     RRC Claim

Finally, Petitioner argues that the BOP improperly failed to consider him for the maximum amount of RRC placement. Contrary to Petitioner's assertion, administrative documentation indicates that on December 6, 2011, the BOP conducted an individualized assessment and recommended that Petitioner receive 180 days of RRC placement.[2] (Docket entry #12 at p.2).

---

[2] Importantly, there is nothing in the applicable statutes or case law that entitles a prisoner to RRC placement for a particular period of time, much less for 12 months.  Rather, the BOP's duty is to individually consider a prisoner for RRC placement pursuant to the statutory factors set forth in 18 U.S.C. § 3621(b). *See Miller v. Whitehead*, 527 F.3d 752, 758 (8th Cir. 2008).

## III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 be DENIED, and this case be DISMISSED, WITH PREJUDICE.

Dated this 31st day of May, 2013.

_____
UNITED STATES MAGISTRATE JUDGE